**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-03093-REB-KLM

MERLE H. SCHONEBAUM, and
DENISE M. SCHONEBAUM,

    Plaintiffs,

v.

SHELLPOINT MORTGAGE SERVICING,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
BANK OF NEW YORK MELLON as Trustee for Countrywide ALT 2005-42CB Trust,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#28],[1] filed February 29, 2016. No timely objection having been filed to the recommendation, I review it for plain error only. *See **Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]

I perceive no error, much less plain error, in the magistrate judge's recommended disposition of defendants' motion to dismiss. The recommendation is

---

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiffs are proceeding *pro se* in this matter. ***Morales-Fernandez***, 418 F.3d at 1122. In addition, because plaintiffs are proceeding *pro se*, I have construed their pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

exceptionally detailed and cogently reasoned.  So thoroughly has the magistrate judge considered and analyzed the issues raised by and inherent to the motion that any extended exegesis on my part would be little more than a festooned reiteration of her excellent work.  Suffice to say that I concur fully with her conclusions that (1) plaintiffs lack standing to bring their claims against defendants Mortgage Electronic Registration Systems, Inc., and Bank of New York Mellon, as those claims belong to the bankruptcy estate; (2) plaintiffs' federal RESPA and TILA claims against defendant Shellpoint Mortgage Servicing ("Shellpoint") are barred by limitations[3]; (3) plaintiffs have failed to plead facts sufficient to state a plausible, viable FCRA claim against Shellpoint; and (4) the court should decline to exercise supplemental jurisdiction as to plaintiffs' remaining state law claims against Shellpoint.

I therefore find and conclude that the magistrate judge's recommendation should be approved and adopted, and defendants' corresponding motion to dismiss granted on the bases set forth therein.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#28], filed February 29, 2016, is approved and adopted as an order of this court;

2. That the corresponding **Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [#18], filed March 26, 2015, is granted in part as follows:

---

[3] The court very much appreciates the magistrate judge's careful and thoughtful analysis of alternative bases for dismissal of these claims in the event the court had not agreed with the recommendation to dismiss on limitations grounds.  Had it been necessary to consider these alternative reasons for dismissal, I would have found them equally as persuasive.

a. That the motion is granted insofar as it seeks dismissal without prejudice of all claims against defendants, Mortgage Electronic Registration Systems, Inc., and Bank of New York Mellon;

b. That the motion is granted further to the extent it seeks dismissal with prejudice of all claims under federal law against defendant, Shellpoint Mortgage Servicing; and

c. That in all other respects, the motion is denied;

3. That all claims against defendants, Mortgage Electronic Registration Systems, Inc., and Bank of New York Mellon, are dismissed without prejudice;

4. That plaintiff's claims against defendant, Shellpoint Mortgage Servicing, arising under (a) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (b) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; and (c) the Fair Credit Reporting Act, 15 U.S.C. § 1681, are dismissed with prejudice;

5. That the court declines to exercise supplemental jurisdiction over plaintiff's state law claims against defendant, Shellpoint Mortgage Servicing, and those claims are dismissed without prejudice;

6. That judgment shall enter on behalf of defendants, Shellpoint Mortgage Servicing; Mortgage Electronic Registration Systems, Inc.; and Bank of New York Mellon, and against plaintiffs, Merle H. Schonebaum and Denise M. Schonebaum, as follows:

a. That judgment without prejudice shall enter as to all claims asserted against defendants, Mortgage Electronic Registration Systems, Inc., and Bank of New York Mellon;

      b. That judgment with prejudice shall enter on plaintiffs' claims against defendant, Shellpoint Mortgage Servicing arising under (a) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (b) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; and (c) the Fair Credit Reporting Act, 15 U.S.C. § 1681; and

      c. That judgment without prejudice shall enter as to plaintiffs' state law claims against defendant, Shellpoint Mortgage Servicing;

7. That defendants are awarded their costs, to be taxed by the clerk of the court in the time and manner provided in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8. That this case is closed.

Dated March 21, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge